UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COURTNEY WEBSTER,<br>BRIAN WEBSTER,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTER FOR DIAGNOSTIC IMAGING, INC.<br> d/b/a CDI<br> d/b/a CDI INDIANAPOLIS,<br>CDI INDIANA, LLC<br> d/b/a CDI<br> d/b/a CDI INDIANAPOLIS,<br><br>    Defendants. | No. 1:16-cv-02677-JMS-DML |

# ORDER

This case involves a suit for damages stemming from a missed cancer recurrence diagnosis. Courtney Webster alleges that her recurrent rectal cancer went undiagnosed for over a year and a half after her CT scan was misread. She and her husband Brian filed suit to hold Center for Diagnostic Imaging, Inc. and CDI Indiana, LLC (collectively, "Defendants") liable as a result of the misdiagnosis. On August 31, 2017, this Court denied the parties' respective Cross-Motions for Summary Judgment, holding that two jury questions existed regarding agency and reliance. Defendants now move the Court to amend its Order denying Defendants' Motion for Summary Judgment to certify the Order for interlocutory appeal.

## I.
### LEGAL STANDARD

28 U.S.C. § 1292(b) "permits a court of appeals to review an interlocutory order if the district court certifies that particular issues meet the statutory requirements." *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 811 (7th Cir. 2015) (citing *Yamaha Motor Corp., U.S.A. v. Calhoun*,

516 U.S. 199, 205 (1996)). The four statutory requirements under § 1292(b) are as follows: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). There is also a nonstatutory requirement: "the petition must be filed in the district court within a reasonable time after the order sought to be appealed." Id. at 675-76 (citing *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)). Recognizing that proceedings in the district court generally "grind[] to a halt" as soon as an order is certified for immediate appeal, the Seventh Circuit has held that, unless all criteria under § 1292(b) are satisfied, a district court "may not and should not" certify an order for an immediate appeal. *Id.* at 676.

## II.
### DISCUSSION

Defendants request that this Court certify the following question for interlocutory appeal:

> Whether the Indiana Supreme Court's holding in *Sword v. NKC Hospitals*, 714 N.E.2d 142, 148 (Ind. 1999), concerning a hospital's vicarious liability for the services provided on the hospital's behalf by medical providers who are independent contractors, applies to Defendants in this case, neither of whom is a hospital or an employer of medical providers.

[Filing No. 52 at 1.]

Defendants argue that each element under § 1292(b) is satisfied. They first argue that they seek certification on a pure, abstract question of law because the "Court's resolution of the question of whether *Sword* applies was not premised on resolving facts, but on drawing a legal conclusion about whether the Indiana Supreme Court would apply *Sword* in this case." [Filing No. 52 at 5.] Second, Defendants contend that the question of law on which they seek interlocutory appeal is controlling because if *Sword* does not apply, Defendants are entitled to summary judgment as a matter of law. [Filing No. 52 at 6.] Third, Defendants allege that question of law at issue involves

2

substantial grounds for a difference of opinion because of an absence of both "specific, controlling authority from the Indiana courts," and "substantial persuasive authority from other jurisdictions." [[Filing No. 52 at 8-9](#).] In addition, Defendants contend that interlocutory appeal would materially advance the ultimate termination of the litigation by either ending "the discovery and costs associated with obtaining and presenting such testimony to a jury," or by giving all parties a "greater assurance of the finality of the jury's ultimate determination of Defendants' liability." [[Filing No. 52 at 9](#).] Finally, Defendants argue that their Motion was filed within a reasonable time – less than 30 days after the Court's August 31, 2017 order. [[Filing No. 52 at 11](#).]

In response, the Websters argue that Defendants' Motion fails under [28 U.S.C. § 1292(b)](#) because the question at issue is "neither a pure question of law nor a contestable issue for purposes of the statute." [[Filing No. 53 at 2](#).] They contend that the issue Defendants seek to appeal is "a mixed question of law and fact" and is, therefore, not a question that the Court of Appeals could resolve quickly and cleanly without having to study the record. [[Filing No. 53 at 5](#).] Instead, the Websters argue that the question at issue is one that would involve "a detailed and intensive review of the factual record presented by the parties." [[Filing No. 53 at 3](#).] In addition, the Websters argue that Defendants have not shown that the issue they seek to appeal is contestable, given that they failed to cite decisions conflicting with this Court's prior decision. [[Filing No. 53 at 7](#).] The Websters argue that "the absence of a decision directly on point does not make an issue contestable for purposes of § 1292(b)." [[Filing No. 53 at 6](#).]

At the outset, the Court notes that a district court's denial of a motion for summary judgment is generally not appealable. In *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, the Seventh Circuit's seminal case on interlocutory appeals based on § 1292(b), the Court observed that although it "might seem that the statutory criteria for an immediate appeal would be satisfied

in every case in which summary judgment was denied" because each denial ostensibly presents a question of law, 28 U.S.C. § 1292(b) "was not intended to make denials of summary judgment routinely appealable." *Ahrenholz*, 219 F.3d at 676. Indeed, "[a] denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable." *Id.* at 676. Instead, interlocutory appeals should be reserved for "pure" questions of law that the court of appeals can "decide quickly and cleanly." *Id.* at 677. Pure questions of law "typically involve contests not about what occurred, or why an action was taken or omitted, but disputes about the substance and clarity of pre-existing law." *Brown v. Smith*, 827 F.3d 609, 613 (7th Cir. 2016) (quoting *Ortiz v. Jordan*, 562 U.S. 180, 190 (2011)). In addition, pure questions of law do not require a court of appeals to hunt through a record or immerse itself in a complicated contract. *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010)

One need only look as far as Defendants' arguments in support of their Motion for Summary Judgment, [Filing No. 40,] to conclude that Defendants do not seek interlocutory appeal on a pure question of law. There, Defendants made fact-intensive arguments, asserting that *Sword* does not apply to this case because the clinic Ms. Webster visited was distinguishable from a hospital. Defendants' argument on this issue delved into the type of treatment Ms. Webster received, specifics as to Defendants' corporate structure, and what actions Ms. Webster took or did not take before and after visiting the clinic. As this Court summarized, Defendants argued that *Sword* does not apply to this case because: (1) "Ms. Webster was not seeking a 'broad scope of medical treatment,'" (2) "the relationship between a hospital and its medical staff is distinct from the relationship between and among the various business entities involved in this case," and (3) "Ms. Webster did not actually visit the CDI website." [Filing No. 50 at 17-18.] In its Order denying Summary Judgment, this Court considered each of Defendants' fact-based contentions on

this point. [Filing No. 50 at 17-18.] For Defendants to now profess that whether *Sword* applies "is precisely the sort of 'pure' or 'abstract' question of law that is appropriate for resolution via interlocutory appeal under Section 1292(b)" is disingenuous at best. [Filing No. 52 at 5.] To decide Defendants' proposed question on interlocutory appeal, a court of appeals would be required to understand a "complicated web of interrelated entities," and hunt through the record to determine what occurred, or why an action was taken or omitted, just as this Court did in deciding Defendants' Motion for Summary Judgment. [Filing No. 50 at 18.] As such, Defendants do not present a pure question of law for interlocutory appeal.

Turning next to whether the question presented is contestable for the purposes of certification, Defendants note that there is an absence of controlling authority on the issue. However, "the mere lack of judicial precedent on the issue does not establish substantial ground for difference of opinion." *Patrick v. Pyod*, 2014 WL 5343284, at *1 (S.D. Ind. Oct. 20, 2014) (quoting *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 212 F.Supp.2d 903, 909 (S.D. Ind. 2002)). Rather, to evaluate contestability, the court must examine "the strength of the arguments in opposition to the challenged ruling," which includes "examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification." *United States v. Select Med. Corp.*, 2017 WL 468276, at *3 (S.D. Ind. Feb. 3, 2017) (quotations omitted). In this case, Defendants do not point to any conflicting precedent holding that *Sword* is not applicable to a medical center like the one at issue in this case. Accordingly, Defendants have not presented an issue that is contestable for the purposes of interlocutory appeal.

Despite the Court's skepticism that interlocutory appeal would speed up this litigation, the Websters do not oppose Defendants' proposed interlocutory appeal on other grounds, and the Court's inquiry may end here. Having found that Defendants presented a question for certification

on interlocutory appeal pursuant to 28 U.S.C. § 1292(b) that is neither a pure question of law, nor contestable, this Court "may not and should not" certify an order for an immediate appeal. *Ahrenholz*, 219 F.3d at 676.

### III.
#### CONCLUSION

Defendants have failed to satisfy the criteria for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and their Motion for Amendment of Order Denying Defendants' Motion for Summary Judgment to Include Certification for Interlocutory Appeal, [Filing No. 52], is therefore **DENIED**.

Date: 11/21/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Jerry Avan Garau
GARAU GERMANO, PC
jgarau@g-glawfirm.com

Barbara J. Germano
GARAU GERMANO, P.C.
bgermano@g-glawfirm.com

J. Richard Moore
BLEEKE DILLON CRANDALL
richard@bleekedilloncrandall.com