UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COURTNEY WEBSTER, <br> BRIAN WEBSTER, <br>     Plaintiffs, <br>     v. <br> CENTER FOR DIAGNOSTIC IMAGING, INC. <br>     d/b/a CDI <br>     d/b/a CDI INDIANAPOLIS, <br> CDI INDIANA, LLC <br>     d/b/a CDI <br>     d/b/a CDI INDIANAPOLIS, <br>     Defendants. | No. 1:16-cv-02677-JMS-DML |

# **ORDER**

This case involves a suit for damages stemming from a missed cancer recurrence diagnosis. Courtney Webster alleges that her recurrent rectal cancer went undiagnosed for over a year and a half after her CT scan was misread. She and her husband Brian filed suit to hold Center for Diagnostic Imaging, Inc. and CDI Indiana, LLC (collectively, "Defendants") liable as a result of the misdiagnosis. On August 31, 2017, this Court denied the parties' respective Cross-Motions for Summary Judgment, holding that jury questions existed regarding agency and reliance. [Filing No. 50.] A jury trial in this matter is set to begin on June 11, 2018. [Filing No. 35.] Defendants now move the Court to bifurcate the trial or, in the alternative, to hold the trial "in two distinct phases." [Filing No. 73 at 2.] For the reasons stated herein, Defendants' Motion is **DENIED**.

## I.
### LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues,

claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

"A trial court has discretion to decide whether to bifurcate a trial." *United States v. Alviar*, 573 F.3d 526, 545 (7th Cir. 2009) (citing *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000)). The Seventh Circuit has set forth the conditions that must be met before a Court may separate claims or issues for trial:

> First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy . . . . Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment.

*Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999) (citations omitted). "The court must balance considerations of convenience, economy, expedition, and prejudice, depending on the peculiar facts and circumstances of each case." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008). The party seeking bifurcation "has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials based on the case's circumstances." *BASF Catalysts LLC v. Aristo, Inc.*, 2009 WL 523123, at *2 (N.D. Ind. Mar. 2, 2009).

## II.
### DISCUSSION

Defendants request that this Court bifurcate the trial that is set for June 11, 2018, and hold an initial trial on the issue of vicarious liability and, if necessary, a second trial on the issue of medical malpractice. [Filing No. 73 at 1-2.] Alternatively, Defendants request that trial "be held in two distinct phases, with the initial phase limited to Plaintiffs' vicarious liability claim and the second phase, if necessary, limited to Plaintiff's medical malpractice claim." [Filing No. 73 at 2.] Defendants present three arguments in support of their Motion. First, Defendants allege that

bifurcation "will avoid prejudice to Defendants" because presenting the "sympathetic facts and damages at issue in the medical malpractice [claim] to the jury at the same time as the facts and law on the vicarious liability claim would likely provoke the jury's sympathy and engender confusion." [Filing No. 73 at 2.] Second, Defendants contend that bifurcation would "serve judicial economy" because the medical malpractice claim is "wholly contingent" on the vicarious liability claim and if the first jury finds that neither Defendant is vicariously liable, "the cost and resources required for these additional proceedings will be avoided by all parties." [Filing No. 73 at 8.] Third, Defendants argue that there is no risk of any violation of the Seventh Amendment because there is "no overlap of any evidence whatsoever" between the medical malpractice claim and the vicarious liability claim. [Filing No. 73 at 10.]

In response, the Websters argue that Defendants' "contention that separate trial should be held solely on this discrete issue is difficult to fathom" because the inquiry under *Sword v. NKC Hospitals*, 714 N.E.2d 142 (Ind. 1999)[1] is "limited" in nature. [Filing No. 76 at 5.] The Websters also refute Defendants' characterization of their claim as two separate claims for vicarious liability and for medical malpractice. Instead, the Websters contend that they are bringing "a single claim of malpractice," and that bifurcation of a distinct issue within a claim is a rarity. [Filing No. 76 at 5.] Moreover, the Websters state that delay in this case is "overwhelmingly prejudicial" to the

---

[1] As set forth in this Court's Order denying the parties' respective Cross-Motions for Summary Judgment, *Sword* requires a trier of fact in Indiana to focus on "the reasonableness of the patient's belief that the hospital or its employees were rendering health care." [Filing No. 50 at 15 (quoting *Sword*, 714 N.E.2d at 159).] In denying summary judgment this Court held that *Sword* applies to the facts of this case, and stated that,
> [i]t is now for a jury to decide whether, consistent with the *Sword* factors, Defendants acted in a manner which would lead a reasonable person to conclude that Dr. Walker was Defendants' employee or agent, and whether Ms. Webster acted in reliance upon the conduct of Defendants or their agent, consistent with ordinary care and prudence.

[Filing No. 50 at 20-21.]

3

Websters given that Ms. Webster is likely terminally ill and a delay would deny her the "opportunity to obtain justice in her lifetime." [Filing No. 76 at 7.] By contrast, the Websters contend that any prejudice against Defendants can be remedied through less drastic remedies than bifurcation, such as special verdict forms. [Filing No. 76 at 11.] Regarding judicial economy, the Websters argue that if they prevail on the vicarious liability issue, bifurcation would result in a "substantial waste of judicial time and resources." [Filing No. 76 at 9.]

In their reply brief, Defendants argue that the Websters have misstated the nature and quantity of the evidence Defendants will present regarding vicarious liability. [Filing No. 77 at 4.] In addition, Defendants reiterate that trying the vicarious liability aspect of the claims with the substantive liability aspect will result in prejudice to Defendants that is "real," "undisputed," and "issue-determinative." [Filing No. 77 at 6.] In contrast, Defendants argue that the Websters "will not under any circumstances endure prejudice that will prevent them from having the jury fairly and dispassionately consider the evidence they present at trial." [Filing No. 77 at 6.] Defendants also argue that instructions from the bench and special verdict forms "may be helpful in addressing prejudice, but these approaches will not suffice for bifurcation or phasing of trial." [Filing No. 77 at 10.]

### A. Bifurcation with Separate Juries

Turning to the analysis set forth by the Seventh Circuit in *Houseman*, 171 F.3d at 1121, in order to bifurcate the trial, the court must determine that doing so does not unfairly prejudice the non-moving party. This is true even if a Court determines that separate trials would avoid prejudice to a party or promote judicial economy. *Id*. at 121 (stating that a trial court must "[f]irst" determine that separate trials would avoid prejudice to a party or promote judicial economy and "[n]ext" must be satisfied that there is no unfair prejudice to the non-moving party).

In this case, the Court's consideration of unfair prejudice to the Websters compels the Court to deny Defendants' Motion. As all parties acknowledge, Ms. Webster's illness is terminal. Given the severity of her illness, the risk of prejudice to her as a result of a delay is too great. This makes Defendants' request for separate juries for each phase of trial a non-starter. [Filing No. 73 at 9 (in which Defendants acknowledge that bifurcation "would create some delay in obtaining a second setting for the medical malpractice claim").] On this point, the Websters' arguments are well taken: a delay in trial runs the risk of denying Ms. Webster her day in court and altering the damages that would be available if Defendants are found liable.

Moreover, the condition of Ms. Webster's health also makes her case distinguishable from *Fetzer v. Wal-Mart Stores, Inc.*, 2016 WL 6833912 (N.D. Ill. Nov. 21, 2016), which Defendants cite in support of their argument that Ms. Webster's physical condition could prejudice the jury. *Fetzer* involved a plaintiff who fell in the cough and cold aisle of Wal-Mart and sustained substantial injuries. *Id*. at \*1. The trial court found that plaintiff's physical condition could prejudice the jury and that bifurcating the trial would result in minimal prejudice to the plaintiff. *Id*. at \*5. However, *Fetzer* is devoid of any suggestion that the plaintiff faced grave injuries or ran a significant risk of not surviving through a bifurcated trial. The same is not true in this case.

Here, bifurcating the trial carries the risk of substantial prejudice to the Websters. As such, the Court, in its discretion, declines to bifurcate the trial by having separate juries and case settings.

### B. Phased Trial or Bifurcation with the Same Jury

In the alternative, Defendants request a "phased trial with the same jury, in which the vicarious liability issue is presented to the jury for a verdict first, before the jury hears any evidence concerning substantive medical malpractice liability or damages." [Filing No. 73 at 9.] Defendants' suggestion of a phased trial is really a request for a bifurcated trial with the same jury,

5

and is, therefore, analyzed under the rubric set forth in *Houseman*, 171 F.3d at 1121. *See, e.g.*, *Jordan v. Binns*, 2011 WL 1042630, at *1 (S.D. Ind. Mar. 21, 2011).

The request for a bifurcated trial with the same jury, rather than separate juries, alters the Court's balanced consideration of "convenience, economy, expedition, and prejudice," *Houskins*, 549 at 495, because, arguably, there would be less risk of a delay. However, the Court is not persuaded that separate trials with the same jury would avoid prejudice to a party or promote judicial economy. As to the latter, Defendants contend that the Court could avoid "several days of presentation" of extensive medical and damages evidence. [Filing No. 73 at 8.] However, the Court is not convinced that the speculative potential of saving several days of presentation outweighs the burden of issuing multiple sets of instructions to a jury and asking such a jury to deliberate twice.

Regarding prejudice to Defendants as a result of Ms. Webster's illness and the impact it has had on her family, Defendants contend that such evidence has the "strong potential to adversely affect the jury" in the Websters' favor. [Filing No. 73 at 7.] In considering this issue, the Court is mindful of the fundamental importance of the jury system in civil cases dating back to the days of Alexander Hamilton and Patrick Henry. *Galloway v. United States*, 319 U.S. 372, 397–98 (1943) (Black, J., dissenting) ("Hamilton in The Federalist emphasized his loyalty to the jury system in civil cases and declared that jury verdicts should be re-examined, if at all, only 'by a second jury,'" whereas Henry stated that, "'Trial by jury is the best appendage of freedom'"). Here, Defendants have made general allegations that evidence will have a "strong emotional impact" on the jury. [Filing No. 73 at 7.] However, that is true of many cases put before juries. Under the facts of this case, the Court is satisfied that a jury will be able to set aside emotional

considerations and perform its duty faithfully and impartially, consistent with the instructions it will be given at trial. See *Jordan*, 2011 WL 1042630, at *2.

### III.
### CONCLUSION

Having exercised its discretion and found that bifurcation is unnecessary and inappropriate under FRCP 42(b), the Court **DENIES** Defendants' Motion For Bifurcation Of Trial Or, In The Alternative, For Trial In Two Phases, [73].

Date: 2/1/2018

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution via ECF only to all counsel of record.