UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COURTNEY WEBSTER, <br> BRIAN WEBSTER, <br><br> Plaintiffs, <br><br> v. <br><br> CDI INDIANA, LLC <br>   d/b/a CDI <br>   d/b/a CDI INDIANAPOLIS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 1:16-cv-02677-JMS-DML |

## **ORDER**

In 2016, Plaintiffs Courtney and Brian Webster filed this lawsuit against CDI Indiana, LLC, alleging that Ms. Webster's recurrent rectal cancer went undiagnosed for over a year and a half after her CT scan was misread. On May 9, 2018, the Court ruled on three Motions to Exclude Expert Testimony, [Filing No. 135], in advance of the June 11, 2018 trial, and granted the Websters' Motion to Exclude the Testimony of Anthony J. Senagore, M.D., [Filing No. 82].

On May 16, 2018, Defendant filed a Motion for Partial Reconsideration of Exclusion of Expert Testimony of Anthony J. Senagore, M.D. [Filing No. 140.] For the reasons set forth herein, Defendant's Motion is **DENIED**.

## I.
### LEGAL STANDARD

The Seventh Circuit has noted that "[t]echnically, a 'Motion to Reconsider' does not exist under the Federal Rules of Civil Procedure." *GHSC Assocs. Ltd. P'ship v. Wal-Mart Stores, Inc.*, 29 F. App'x 382, 384 (7th Cir. 2002). However, Rule 54(b) of the Federal Rules of Civil Procedure "governs non-final orders and permits revision at any time prior to the entry of judgment. . . ."

*Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). Under Rule 54(b), the Court may exercise its inherent authority to reconsider or revise its interlocutory orders. *Bell v. Taylor*, 2015 WL 13229553, at *2 (S.D. Ind. Dec. 4, 2015). Such motions to reconsider perform "a valuable function" in the limited circumstances wherein the Court has: (1) patently misunderstood a party, (2) made a decision outside the adversarial issues presented to the Court by the parties, or (3) made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). In addition, a motion to reconsider may be appropriate when a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court. *Id.* Because such problems "rarely arise," a motion to reconsider "should be equally rare." *Id.* at 1191. A motion for reconsideration does not "serve as the occasion to tender new legal theories for the first time." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quotation omitted). Nor are motions to reconsider "replays of the main event." *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)).

## II.
### DISCUSSION

On May 9, 2018, the Court granted the Websters' Motion to Exclude the Expert Testimony of Anthony J. Senagore, M.D., one of Defendant's expert witnesses. [Filing No. 135.] The Court compared Dr. Senagore's December 7, 2017 report with his February 13, 2018 deposition. [Filing No. 135 at 9-13 (citing Filing No. 83-1 (Dr. Senagore's report) and Filing No. 83-2 (Dr. Senagore's deposition)).] The Court found that "Dr. Senagore's report and testimony show significant differences" and "are inconsistent on several points." [Filing No. 135 at 17.] In granting the Websters' Motion to Exclude Dr. Senagore's testimony, the Court concluded as follows:

2

> As the Seventh Circuit has held, "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." [*Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735 (7th Cir. 1998)] (citing *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)). Other than their efforts to characterize his testimony as an elaboration of his deposition, Defendants do nothing to justify the obvious changes or demonstrate that they are harmless. Accordingly, the Court imposes the sanction of precluding the witnesses from testifying. *Id.* at 742 (noting that district court is "not required to fire a warning shot.").

[Filing No. 135 at 18.]

In its Motion to Reconsider, Defendant seeks review of the Court's prior decision "only with respect to the sanction imposed by the Court – exclusion of Dr. Senagore's testimony in its entirety" and argues that the sanction is "excessive and manifestly unjust under Rule 37 of the Federal Rules of Civil Procedure." [Filing No. 140 at 1-2.] Defendant argues that "even with respect to the presumed inconsistencies, Plaintiffs were not substantially harmed or prejudiced." [Filing No. 140 at 4.] Defendant argues that, to the contrary "[i]t is abundantly clear, from a review of the manner in which this case has been prepared, and the manner in which discovery has been pursued, that Plaintiffs were in no way harmed by any presumed inconsistency" between Dr. Senagore's report and deposition. [Filing No. 140 at 9.] Further, Defendant argues that none of the cases cited by the Court "stand for the proposition that a qualified, timely-disclosed expert witness who gives deposition testimony which is partially inconsistent with his Rule 26(a)(2) report should be excluded in the entirety from giving any opinions at trial." [Filing No. 140 at 6.] As such, Defendant urges the Court to consider alterative sanctions, including the exclusion of certain categories of testimony and imposition of costs incurred by Plaintiffs in connection with Dr. Senagore's deposition on Defendants. [Filing No. 140 at 13-14.]

In their response brief, the Websters contend that Defendant "is making new arguments which easily could have been made in response to [their] original motion" and improperly "uses

3

its motion to reconsider to, for the first time, propose an alternative sanction." [Filing No. 149 at 2-3.] The Websters go on to argue that Defendant "originally chose to argue that Dr. Senagore's deposition testimony was consistent with his report" and that the failure of this argument "does not give [Defendant] the right to try a new argument . . . that the discrepancies were minimal." [Filing No. 149 at 5-6.] Regarding whether the deficiencies in Dr. Senagore's report were harmless, the Websters argue that "Dr. Senagore's deficient Rule 26 report placed the Websters' counsel in the position of having to simultaneously discover Dr. Senagore's opinions and question Dr. Senagore about those opinions at his deposition." [Filing No. 149 at 7.] Additionally, the Websters point out that Defendant seeks to exclude matters which were disclosed by Dr. Senagore in his Rule 26 report rather than opinions provided for the first time at his deposition, and is therefore "asking as a 'sanction' that Dr. Senagore be allowed to make a 180 degree departure from his Rule 26 report." [Filing No. 149 at 9-10.] The Websters argue that this is a reward, not a sanction. [Filing No. 149 at 10.]

In its reply brief, Defendant contends that the Websters "wholly ignore the critical point raised by Defendant in seeking reconsideration of the Court's sanction of outright exclusion of Dr. Senagore: Dr. Senagore provided a number of expert opinions in his Rule 26(a)(2) report that were entirely uncontradicted by his deposition testimony." [Filing No. 156 at 2.] Defendant reiterates its argument that the sanction imposed by the Court merits reconsideration because "there has been no challenge to his qualifications or to the reliability or helpfulness of [Dr. Senagore's] opinions; and substantial portions of the opinions he provided in his report . . . were not contradicted in any way by his deposition testimony." [Filing No. 156 at 3.] Defendant further contends that the Court's exclusion of Dr. Senagore's testimony "constitutes a manifest error of law meriting reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure." [Filing No. 156 at 4.]

4

Defendant "respectfully suggests that the complete absence of cases supporting outright exclusion in the entirety of a timely-disclosed, qualified expert witness who provided substantial opinions that were not found to be inconsistent or contradictory shows that the current circumstances present a unique scenario that merits further consideration of evidence that was before the Court, but that was not initially highlighted by either party." [Filing No. 156 at 5.]

At the outset, the Court notes two points regarding motions to reconsider. First, such motions do not "serve as the occasion to tender new legal theories for the first time." Rothwell, 827 F.2d at 251. Defendant advances a number of new theories in its Motion to Reconsider. Defendant's proposal of a four-part alternative to excluding Dr. Senagore as a witness, for example, constitutes a new legal theory that the Court will not consider at this time. Similarly, Defendant's analysis regarding harmlessness under Rule 26 is advanced for the first time in its Motion to Reconsider and also will not be considered.

Second, motions to reconsider "are not replays of the main event." Dominguez, 612 F. App'x at 390. Defendant's argument that Plaintiffs "were not substantially harmed or prejudiced" by inconsistencies in Dr. Senagore's Report, [Filing No. 140 at 4], is quite similar to Defendant's prior argument that "Plaintiffs' counsel was obviously not surprised by Dr. Senagore's [testimony], and was well-prepared to examine Dr. Senagore in detail about it." [Filing No. 92 at 23.] The Court will not rehash its prior findings on this point, but instead turns to Defendant's arguments that are presented within the bounds of a motion to reconsider, as set forth in Part I, herein.

Rule 26 of the Federal Rules of Civil Procedure provides that the disclosure of expert testimony must be accompanied by a written report that contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R.

5

Civ. P. 26(a)(2)(B)(i). As set forth in the Court's May 9, 2018 Order, the Court concluded that Dr. Senagore's report and deposition testimony are contradictory on several points. [Filing No. 135 at 17.] Therefore, Dr. Senagore's report failed to comply with Rule 26. Defendant has not asked the Court to reconsider this finding.

Instead, Defendant's argument goes to the Court's Rule 37 analysis. Under Rule 37, if a party fails to provide information required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendant argues that it "has been unable to identify any case in which an expert was entirely barred from testifying at trial" under comparable circumstances. [Filing No. 140 at 2 (enumerating four elements that would make a comparable case, wherein "1) said expert and Rule 26 report were timely disclosed; 2) the Rule 26 report on its face complied with Rule 26; 3) there were no challenges to the expert's credentials or the admissibility of his opinions under Rule 702; and 4) the only challenges to the expert's testimony were inconsistencies between a portion of the Rule 26(a)(2) report and the expert's subsequent deposition testimony")]. But this argument is unavailing because the Court based its finding on Rule 37 itself. Built into Rule 37 is the analysis the Court must and did undertake: determining if the violation was substantially justified or is harmless. *See* Fed. R. Civ. P. 37, 1993 Advisory Committee's Notes (noting that "limiting the automatic sanction to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations"). After conducting this analysis, the Court concluded that Dr. Senagore's inconsistencies constituted

a violation of Rule 26 that was neither harmless nor substantially justified.[1]  In imposing sanctions under Rule 37, [2] the Court applied the rule consistent with its obligations to construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Moreover, the Court's exclusion of Dr. Senagore's testimony is a function of its "gatekeeping obligation."  The Court noted its gatekeeping obligation under Federal Rule of Evidence 702 in its May 9, 2018 Order.  [Filing No. 135 at 2.]  Here again, the Court reiterates its gatekeeping function in excluding Dr. Senagore's testimony.  In so doing, the Court turns to an opinion cited in the May 9, 2018 Order – the Seventh Circuit's decision in *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735 (7th Cir. 1998), which contains a detailed footnote that quotes heavily from the Advisory Committee's notes on Rule 26.  In *Salgado*, the Seventh Circuit held that "Rule 26 enhances the district court's role as 'gatekeeper,' for it permits 'an early and full evaluation' of evidentiary problems in a case and allows the court to 'make an early pretrial evaluation of issues of admissibility' carefully and meticulously." *Salgado*, 150 F.3d at 742 n.6. In this case, the Court considered Dr. Senagore's testimony and the inconsistencies between his report and subsequent deposition.  Such inconsistencies render Dr. Senagore's testimony unreliable and require the Court to exercise its gatekeeping function in order to prevent further inconsistencies at trial and ensure that the parties have an equal and fair opportunity to anticipate the substance of an expert witness' testimony at trial.  In short, Defendant's argument that "there

---

[1] In conducting its Rule 37 analysis, the Court stated as follows: "Other than their efforts to characterize his testimony as an elaboration of his deposition, Defendants do nothing to justify the obvious changes or demonstrate that they are harmless." [Filing No. 135 at 18.]

[2] Indeed, Rule 37 allows the Court to "impose other appropriate sanctions" in addition to or instead of exclusion.  Fed. R. Civ. P. 37(c)(1)(C).

has been no challenge to . . . the reliability or helpfulness of [Dr. Senagore's] opinions," [Filing No. 156 at 3], is untrue. The very fact and pervasiveness of the inconsistencies between his report and deposition destroy the reliability of his testimony. As such, his testimony will be excluded.

### III.
#### CONCLUSION

For the foregoing reasons, Defendant's Motion to Reconsider [140] is **DENIED**.

Date: 6/7/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**