UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

COURTNEY WEBSTER,                    )
BRIAN WEBSTER,                       )
                                     )
                    Plaintiffs,      )
                                     )
              v.                     )        No. 1:16-cv-02677-JMS-DML
                                     )
CDI INDIANA, LLC,                    )
                                     )
                    Defendant.       )

## ORDER

Presenting pending before the Court is a Motion to Correct and Modify the Record, [Filing No. 217], whereby Plaintiffs Courtney and Bryan Webster seek to add newly discovered public records to the trial record, now on appeal before the U.S Court of Appeals for the Seventh Circuit. Defendant CDI Indiana, LLC ("CDI") opposes the Motion. For the reasons set forth herein, Plaintiffs' Motion is **GRANTED**.

## I.
### BACKGROUND

This Motion comes before the Court seven months after a jury returned a verdict for Plaintiffs finding that CDI was legally responsible for the conduct of a radiologist who negligently reviewed a CT examination performed on Courtney Webster, resulting in a missed diagnosis of recurrent, terminal rectal cancer. [Filing No. 167; Filing No. 166-1 at 17.]

On September 27, 2018, CDI filed its notice of appeal in this matter, [Filing No. 193], and that appeal remains pending before the Seventh Circuit, with oral argument set for February 4, 2019. *Webster v. CDI, Indiana, LLC*, *appeal docketed*, No. 18-3080 (2018) (Filing No. 26 setting the matter for oral argument).

On January 7, 2019, Plaintiffs filed a Motion to Correct and Modify the Record, which is now ripe for the Court's review. [Filing No. 217.]

## II.
### DISCUSSION

In support of their Motion, Plaintiffs harken back to CDI's Motions for Judgment as a Matter of Law or Remittitur, [Filing No. 182; Filing No. 184], in which CDI stated that it was not subject to the Indiana Medical Malpractice Act, [Filing No. 183 at 6; *see also* Filing No. 191 at 10 (in which CDI contended that it "does not meet the definition of a "health care provider" under the Indiana Medical Malpractice Act, [and] was ineligible to qualify under Ind. Code § 34-18-3-2, which provides the requirements "'for a health care provider to be qualified under this article . . . .'").] Plaintiffs then argue that

> Publicly available records confirm that at the very time CDI was representing to the District Court that it was "ineligible to qualify" as a health care provider under the Malpractice Act, CDI was, in fact, a qualified health care provider under the Act. CDI took the steps necessary to become a qualified health care provider under the Act in January of 2018, with coverage under the Act retroactive to December 18, 2017. Information confirming CDI's status as a qualified health care provider is available from the Indiana Patient's Compensation Fund website.

[Filing No. 217 at 2.] As a result, Plaintiffs request that this Court "correct and modify the record" to add the affidavit of the Director of Dedicated Funds for Indiana Department of Insurance, as well as correspondence among counsel concerning potential misstatements of fact. [Filing No. 217 at 3.]

In response, CDI denies that it has "denies that it has breached any applicable duty of candor toward the tribunal" and argues that Rule 10(E) "does not permit a party to add materials to the record on appeal that were not before the district court," and points out that Plaintiffs "have provided no authority distinguishing its request from those denied by this Court and others." [Filing No. 222 at 2.]

Plaintiffs reiterate their arguments in their reply brief and argue that the cases cited by CDI are distinguishable from this case and that Plaintiffs had no opportunity to address CDI's misstatements prior to CDI filing its notice of appeal. [Filing No. 223 at 2.]

Federal Rule of Appellate Procedure 10(e)(2)(B) provides that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . by the district court before or after the record has been forwarded."  Similarly, Seventh Circuit Rule 10(b) provides that a motion to correct or modify the record pursuant to Rule 10(e)(2)(B) "must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals."

The purpose of Rule 10(e) "is to ensure that the record on appeal accurately reflects the proceedings in the trial court ... not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment." *United States v. Elizalde-Adame*, 262 F.3d 637, 641 (7th Cir. 2001).  Previously, this Court has rejected an unsuccessful litigant's attempt to supplement the record on appeal where the plaintiff had failed to include the relevant record in numerous filings, despite ample opportunity to do so.  *See Parker v. Loyal*, 2018 WL 898722, at *2 (S.D. Ind. Feb. 15, 2018).

This case is distinguishable from both cases discussed above.  First, unlike the scenario described in *Elizalde-Adame*, Plaintiffs are clearly not attempting to attack the trial court's judgment, as they were the prevailing party before the trial court.  Instead, Plaintiffs contend that the information they seek to supplement contradicts representations made by CDI before this Court.  This is wholly different than *Parker*, where there were no allegations that supplemental material contradicted representations made by the opposing party before this Court.  Accordingly, the Court rejects CDI's argument that the Court is bound by precedent to deny Plaintiffs' Motion.

Instead, Rule 10(e) "commits this determination [to supplement the appellate record] to the discretion of the district court." *Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213, 216 (6th

Cir. 1992); *see also United States v. Kelly*, 535 F.3d 1229, 1242 at n.10 (10th Cir. 2008) ("We review the district court's decision to supplement the record here for an abuse of discretion"). In the post-trial motion, CDI placed significant emphasis on its assertion that it was not – and could not be – a qualified health care provider under Indiana's Medical Malpractice Act. CDI may well have done so at the same time it was actually approved and insured as a qualified provider. The Court considers the supplemental materials as omitted from the record by error or accident of the Websters who certainly would have relied on them in their response in opposition to CDI's motion. In the exercise of its discretion, Court concludes that the record should be supplemented, and it is now for the Seventh Circuit to determine the import of the supplemental material.

## III.
### CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion to Correct and Modify the Record [217] is **GRANTED** and the Clerk of Court is **ORDERED** to supplement the record with Filing No. 217; Filing No. 217-1; Filing No. 217-2; Filing No. 217-3, and a copy of this order, and to transmit the same to the Court of Appeals.

Date: 1/15/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**